UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRY CAHOE                                                                                            PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:14-CV-00805-CRS

AGC FLAT GLASS NORTH AMERICA, INC.                                              DEFENDANT
d/b/a AGC AUTOMOTIVE AMERICAS CO.

## MEMORANDUM OPINION

This matter is before the Court on two motions. First, Plaintiff Terry Cahoe filed a motion to remand this case to state court for lack of subject matter jurisdiction (DN 6). Second, Defendant AGC Flat Glass North America, Inc. d/b/a AGC Automotive Americas Co. ("AGC") submitted a motion to dismiss for failure to state a claim upon which relief can be granted (DN 5). For the following reasons, the Court will grant Plaintiff's motion to remand (DN 6), and this action will be remanded to Hardin County Circuit Court. In the absence of subject matter jurisdiction, the Court will not rule on AGC's motion to dismiss (DN 5).

**I.      BACKGROUND**

On October 31, 2014, Plaintiff filed this action asserting a single state law claim in Hardin County Circuit Court. (Compl., DN 1-1). Plaintiff alleges that AGC—his former employer—discharged him on the basis of age in violation for the Kentucky Civil Rights Act, KRS 344.040. (Compl., DN 1-1, Ct. I.)

On November 24, 2014, AGC removed the case to this Court, citing diversity of citizenship as the sole ground for subject matter jurisdiction. (Notice of Removal, DN 1.) AGC is a corporation organized under the laws of Delaware, and it maintains its principal place of

business in Georgia. (Notice of Removal, DN 1, ¶ 6.) Plaintiff, on the other hand, is domiciled in Kentucky. (Notice of Removal, DN 1, ¶ 5; Compl., DN 1-1, ¶ 1.) In addition, AGC represented that the amount in controversy more likely than not exceeds the jurisdictional minimum as Plaintiff may be awarded significant compensatory damages and attorney's fees if he prevails. (Notice of Removal, DN 1, ¶¶ 9–12.) On the next day, November 25, AGC moved to dismiss Plaintiff's action for failure to state a claim upon which relief can be granted (DN 5).

Plaintiff countered by filing a motion to remand for lack of subject matter jurisdiction (DN 6). In support of his motion, Plaintiff stipulated that the amount in controversy is less than the sum or value necessary for the exercise of diversity jurisdiction (DN 6-2). AGC submitted no response to Plaintiff's motion to remand.

The Court will now decide whether Plaintiff's stipulation extinguished the possible existence of diversity jurisdiction over this case. The jurisdictional question raised by Plaintiff's motion to remand must be resolved before reaching AGC's motion to dismiss. If remand is appropriate, the merits of this action should be left to the state court.

## II. STANDARD

When considering a motion to remand, the Court looks to "whether the action was properly removed in the first place." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The general removal statute allows the defendant or defendants to remove a civil action from state court to federal district court when that action could have been brought originally in federal district court. 28 U.S.C. § 1441(a). But, as frequently noted, the federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)) (internal quotation marks omitted). Therefore, if the Court lacks original subject matter jurisdiction over a removed action, it must remand that action to state court. 28 U.S.C. § 1447(c).

AGC asserts that the Court holds subject matter jurisdiction based on diversity of citizenship. Diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). As the party invoking the federal forum, the removing defendant bears the burden of proving that the action meets the requirements of diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III.   DISCUSSION

To start, it is undisputed that this action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Section 1332(a) requires complete diversity of citizenship, meaning the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *accord Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806). Plaintiff holds citizenship in Kentucky, *see Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990), while AGC is deemed a citizen of Delaware and Georgia, *see* 28 U.S.C. § 1332(c)(1).

The effect of Plaintiff's stipulation on the amount in controversy is the crucial issue in ruling on this motion to remand. The Court determines the amount in controversy as of the time

of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). Where the plaintiff seeks to recover some unspecified amount, the defendant must prove by a preponderance of the evidence, or "more likely than not," that the amount in controversy exceeds $75,000. *Gafford*, 997 F.2d at 158; *accord* 28 U.S.C. § 1446(c)(2)(B). Here, Plaintiff did not recite the amount of damages he seeks in his Complaint (DN 1-1) because Kentucky Rule of Civil Procedure 8.01(2) prohibits that practice.

In light of Kentucky's rule, a plaintiff may *clarify* the amount in controversy for the first time through a post-removal stipulation. *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781–82 (W.D. Ky. 2013); *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). That clarification may be accomplished only by "an unequivocal statement . . . limiting damages." *Egan*, 237 F. Supp. 2d at 778. This procedure, however, may not be used to *reduce* or *change* the plaintiff's demand in response to removal for the sole purpose of avoiding federal jurisdiction. *Id.* at 776; *see Rogers*, 230 F.3d at 872.

Plaintiff provided the first specific information regarding the amount in controversy in the stipulation of damages attached to his motion to remand. The Court therefore must decide whether that stipulation limited his damages unequivocally. Plaintiff's stipulation reads as follows: "In this action I am not seeking, will not seek, nor will I accept, damages in excess of $74,499.99 inclusive of punitive damages, attorney's fees, and the fair value of any injunctive relief." (Stipulation of Damages, DN 6-2, ¶ 3.) This language closely tracks the wording of the stipulation in *Spence*, which the Court held to be unequivocal and effective. *See Spence*, 931 F. Supp. 2d at 780, 782. A plain reading of the stipulation leaves no room for Plaintiff to escape its restrictions. Moreover, AGC did not object to the Plaintiff's stipulation nor otherwise respond to the motion to remand. Accordingly, the Court concludes that Plaintiff's stipulation of damages

-5-

is unequivocal and clarifies that the amount in controversy is less than the minimum necessary for the exercise of diversity jurisdiction.

The Court is always concerned that such a stipulation could be used by an unscrupulous party as a ploy to retain, for whatever reason, a more favorable state court forum. *Id.* at 782. While the Court harbors no doubt as to the sincerity of Plaintiff and his counsel, it simply warns that any attempt to void the commitment will be viewed as sanctionable conduct and possibly subject the case to another removal. *Jester v. Kenco Logistics Servs., LLC*, No. 3:13-CV-385-S, 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013). The Court will remand this action to state court for lack of subject matter jurisdiction. AGC's motion to dismiss (DN 5) will not be considered.

### IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's motion to remand (DN 6), and this action will be remanded to Hardin County Circuit Court. A separate order will be entered this date in accordance with this Memorandum Opinion.

May 19, 2015

Charles R. Simpson III, Senior Judge
United States District Court